UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Eric Alan Faleide,<br><br>Petitioner,<br><br>v.<br><br>B. Eischen, *FPC-Duluth Warden*,<br><br>Respondent. | Case No. 24-cv-3325 (JWB/SGE)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on Eric Faleide's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Pet.; Dkt. No. 1.) In his Petition, Mr. Faleide challenges the Federal Bureau of Prison's ("BOP") calculation of his First Step Act time credits ("FTCs") under 18 U.S.C. §3632. For the reason outlined below, the Court recommends that Mr. Faleide's Petition be **DENIED**, and this action be dismissed without prejudice.

## I. BACKGROUND

Mr. Faleide was sentenced to a 120-month term of imprisonment on September 7, 2021 for Conspiracy to Possess with Intent to Distribute and Distribution of a Controlled Substance in violation of 21 U.S.C § 846. (Decl. ¶ 3, Dkt. No. 7.) Mr. Faleide is currently a prisoner at the Federal Prison Camp in Duluth, Minnesota and is eligible to earn FTCs under 18 U.S.C. § 3632(d). (*Id.* ¶ 4.) Upon arrival at FCI McDowell, his first BOP designated institution, Mr. Faleide began earning FTCs on October 21, 2021. (*Id.* ¶¶ 7, 16.) To date, Mr. Faleide has earned 365 days of time credits towards early release and 15 days of time credits towards pre-release custody. (*Id.* ¶19.) Mr. Faleide filed his Petition for

1

habeas relief on July 19, 2023. (Pet. 1.) His projected statutory release date is March 20, 2028. (Decl. ¶20.)

## II. ANALYSIS

Mr. Faleide asserts two claims. First, he argues the BOP's interpretation of the First Step Act contradicts the plain language of the statute, resulting in an erroneous calculation of the date he should have started accruing FTCs at a rate of 15 days for every 30 days of programming. Second, he asserts that he should have accrued FTCs starting from the day of his sentencing and for the days he was transferred between facilities. Mr. Faleide requests an order directing the BOP to recalculate his FTCs. Warden Eischen counters that the BOP correctly calculated Mr. Faleide's FTCs and that the "Court lacks jurisdiction over his request for additional FTCs." (Resp't's Resp. 1-2, 13; Dkt. No. 6.)

"When a prisoner is not challenging either the fact or the duration of his confinement, habeas is not the proper remedy, and the court lacks jurisdiction over his claims." *Johnson v. Birkholz*, No. 21-CV-2017 (PJS/LIB), 2022 WL 3135304, at *1 (D. Minn. Aug. 5, 2022). Placement in a residential reentry center or home confinement is not a cessation of BOP custody, and "[a] legal action seeking transfer from one form of BOP custody to another (like a legal action seeking transfer from one BOP facility to another) is not a challenge to the fact or duration of confinement." *Id*. Accordingly, courts of this District and elsewhere within the footprint of the United States Court of Appeals for the Eighth Circuit have held repeatedly that a petition for a writ of habeas corpus is not the appropriate procedural vehicle through which to bring a claim concerning calculation of FTCs that would affect only the date of potential placement in

prerelease custody. *See, e.g.*, *Henderson v. Eischen*, No. 23-CV-2250 (PJS/TNL), 2024 WL 4678496, at *1-2 (D. Minn. Nov. 5, 2024); *Abieanga v. Eischen*, No. 24-CV-3131 (JWB/JFD), 2024 WL 4557612, at *1-3 (D. Minn. Sept. 18, 2024); *Sharma v. Eischen*, No. 24-CV-2619 (JWB/DJF), 2024 WL 4190884, at *3 (D. Minn. Aug. 28, 2024); *Fongers v. Garrett*, No. 2:24-CV-0046 (LPR/PSH), 2024 WL 3625237, at *2 (E.D. Ark. Aug. 1, 2024); *Young v. Eischen*, No. 23-CV-3227 (PJS/JFD), 2024 WL 418702, at *3 (D. Minn. Jan. 3, 2024).

This Court similarly concludes that habeas is not the appropriate procedural vehicle for Mr. Faleide to present his claims for relief. Mr. Faleide has already earned 365 credits towards supervised release. (Decl. ¶ 19.) "Eligible federal inmates can earn no more than 365 days of credit towards their supervised release date." *Gallop v. Segal*, No. 24-CV-1357 (JWB/DTS), 2024 WL 2946249, at *2 (D. Minn. May 14, 2024), *report and recommendation adopted,* No. 24-CV-1357 (JWB/DTS), 2024 WL 2943796 (D. Minn. June 11, 2024) (citing 18 U.S.C. § 3624(G)(3)). Thus, any additional FTCs Mr. Faleide earns or demands in his Petition would be applied towards his pre-release custody placement date. *Id.* Consequently, Mr. Faleide's two claims amount to a challenge to his place of confinement (pre-release custody) rather than the duration or fact of his confinement.

Because Mr. Faleide's claims challenge his place of confinement, and not the duration or fact of his confinement, this Court lacks jurisdiction over the petition, which should be denied without prejudice on that basis. *See Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause."). Mr.

3

Faleide counters that prisoners are now allowed to file habeas petitions that do not challenge the fact or duration of their sentence and cites *Jones v. Hendrix*, to support this argument. (Pl.'s Reply 8; Dkt. No. 10) (citing *Jones v. Hendrix*, 599 U.S. 465, 475 (2023)). But *Jones* addressed the use of 28 U.S.C. § 2241 to circumvent 28 U.S.C. § 2255 limitations on second or successive motions, which is inapplicable here. 599 U.S. at 471 (2023).

As explained above, a writ of habeas corpus is not the proper vehicle to obtain the relief that Mr. Faleide seeks. *Johnson*, 2022 WL 3135304, at *1. Thus, the Court concludes that it lacks the requisite subject matter jurisdiction to adjudicate the claims Mr. Faleide raises in his habeas petition.[1]

### III.   RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Eric Alan Faleide's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1) be **DENIED**.

2. That this action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Dated:     November 13, 2024

*s/Shannon G. Elkins*
SHANNON G. ELKINS
United States Magistrate Judge

---

[1] Because the Court lacks subject matter jurisdiction over this matter, the Court does not address the merits of the parties' arguments on Mr. Faleide's two claims.